MICHAEL, Circuit Judge,
dissenting:
I respectfully dissent because I do not believe that Wal-Mart presented sufficient evidence to allow an equitable lien to be imposed on Carpenter’s personal injury settlement proceeds. The Plan was not placed in evidence, and the bankruptcy court acknowledged that “it cannot be ascertained from the record whether the terms of the Plan specifically call for the imposition of an equitable lien.” In re Carpenter, 245 B.R. 39, 47 (Bankr.E.D.Va. *83 2000). Nevertheless, the bankruptcy court found (and the district court agreed) that the existence of the reimbursement provision, and Carpenter’s signed acknowledgment of that provision, evidence her intent to subject the settlement proceeds to a lien. This evidence falls short of the strict proof of intent necessary to create a security interest giving rise to an equitable hen. See, e.g., In re O.P.M. Leasing Services, Inc., 23 B.R. 104, 119 (Bankr. S.D.N.Y.1982).